**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4799-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DWAYNE J. JOHNSON,
a/k/a FABIAN JOHNSON,
QUADREE RICHARDSON,
KEVIN J. JOHNSON,
JAHAD J. MCKNIGHT, and
JAHID J. MCKNIGHT,

    Defendant-Appellant.

_____

        Submitted December 14, 2020 - Decided December 31, 2020

        Before Judges Fasciale and Mayer.

        On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-09-2582.

        Joseph E. Krakora, Public Defender, attorney for appellant (David A. Gies, Designated Counsel, on the briefs).

        Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Stephen A.

Pogany, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Dwayne J. Johnson appeals from a March 8, 2019 order denying his petition for post-conviction relief without an evidentiary hearing. We affirm.

The facts are undisputed. In the late evening on July 16, 2016, defendant was driving through Newark. Sergeant Farella of the Rutgers Police Department, on routine patrol that night, heard the sound of a loud muffler. The sergeant found the source of the noise and ran a check of the vehicle's license plate. The check revealed the vehicle's registration was suspended, and the car's registered owner, a female, had a suspended license. The sergeant called for backup and stopped the car.

Sergeant Farella noted the driver of the car was male and asked the driver for his license. The driver responded he had no driver's license. When asked for any other form of identification, the driver said he lost his identification. The driver provided the sergeant with a false name and date of birth. Sergeant Farella then asked for the vehicle's registration and insurance information, and the driver searched the car for the documents.

While the driver was searching for the documentation, Sergeant Farella had dispatch run a search of the driver's name and date of birth. The dispatch search returned no results for the driver under the given name and birth date.

Sergeant Farella again asked the driver for identification and driving credentials. The driver did not know where the car's owner kept the insurance and registration documents and repeated that he lacked identification. Farella asked the driver to step out of the vehicle in order to search the car for insurance and registration documentation.

The sergeant looked inside the car's center console and noticed a suspicious plastic bag. The bag, imprinted with a butterfly emblem, contained several vials of a white powdery substance.[1] Farella suspected the substance was cocaine. The sergeant continued searching the car and found the insurance and registration information. No additional drugs were found.

The driver was arrested for possession of suspected drugs. Farella also identified the driver as defendant and learned there were several active warrants for his arrest.

---

[1] There was a second plastic bag containing vials in the console immediately behind the first bag. The two plastic bags contained a total of sixty-seven vials of cocaine.

A-4799-18T2

On September 12, 2016, defendant was charged with third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a); third-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and (b)(3); and third-degree possession of CDS with intent to distribute within one thousand feet of school property, N.J.S.A. 2C:35-7(a).

Pretrial, defendant filed a motion to suppress the drug evidence seized from the car, arguing the search was illegal. The State opposed the motion. However, before the suppression motion was decided, defense counsel withdrew the motion.

Subsequently, defendant agreed to plead guilty to possession of CDS with a recommendation of four-years' probation. In exchange, the State would agree to dismiss the remaining charges and recommend a sentence of 364 days in the county jail as a condition of probation.

During the plea hearing, defendant testified he freely and voluntarily agreed to enter a plea, understood the plea offer, discussed the plea offer with his counsel, and had no questions regarding the plea. Additionally, defendant stated he was not threatened or coerced into pleading guilty. The judge accepted defendant's plea.

A-4799-18T2

At sentencing, the judge imposed the sentence recommended by the State in the plea agreement. Defendant was sentenced to four-years' probation and given 244 days of jail credit.

Defendant did not file a direct appeal challenging his conviction. On January 22, 2018, defendant filed a petition for PCR. In his petition, defendant argued he received ineffective assistance of counsel because his trial counsel did not pursue a motion to suppress evidence and trial counsel forced defendant to accept the plea.

On March 8, 2019, the PCR judge heard counsels' argument on the motion for PCR. The judge found the investigatory stop and subsequent search of the car were lawful. The judge concluded the police officer had probable cause to stop the vehicle based on the suspended registration. After the stop, Sergeant Farella allowed defendant to search for the vehicle's insurance and registration information. Since defendant was unable to find these documents, the judge explained the sergeant had the legal right to look in areas within the car typically used to store such documents, including the center console. Based on the facts, the judge concluded a motion to suppress was "not meritorious," and defense counsel was not ineffective in failing to pursue such a motion. In addition, the judge determined counsel acted reasonably in withdrawing the suppression motion in exchange for a very favorable plea.

5

The PCR judge also rejected defendant's argument he was coerced into accepting the plea. She explained the record was "void of any facts that satisfy[ied this] claim" and the plea hearing transcript showed defendant "freely and voluntarily entered into the plea with the State." Moreover, the judge found defendant "acknowledged . . . under oath that he was satisfied with the advice of counsel, . . . he was provided with an explanation, [and] that he had the opportunity to ask the attorney any questions." She also determined an evidentiary hearing was unnecessary because a hearing would "not aid the [c]ourt."

On appeal, defendant argues the following:

> POINT ONE
>
> CONTRARY TO THE PCR JUDGE'S CONCLUSION, THE SUPPRESSION MOTION HAD MERIT WHERE ARGUABLY THE SEARCH WAS NOT LIMITED IN PURPOSE OR SCOPE.
>
> POINT TWO
>
> THE PCR JUDGE'S FACTUAL FINDINGS BASED SOLELY ON THE PLEA COLLOQUY WERE ERRONEOUS WHERE AN EVALUATION OF THE OUT-OF-COURT DISCUSSIONS BETWEEN THE TRIAL ATTORNEY AND DEFENDANT IS MATERIAL TO A DETERMINATION OF WHETHER DEFENDANT'S GUILTY PLEA WAS "FORCED."
>
> POINT THREE

A-4799-18T2

DEFENDANT WAS PREJUDICED WHERE REJECTING THE PLEA OFFER WAS A RATIONAL DECISION IN THE CONTEXT OF THE MERITS OF THE MOTION TO SUPPRESS.

POINT FOUR

THE PCR JUDGE ABUSED HER DISCRETION IN CONCLUDING THAT AN EVIDENTIARY HEARING WAS UNNECCESARY.

Defendant repeats the same arguments presented to the PCR judge. In addition, defendant asserts the PCR judge erred in denying his petition without an evidentiary hearing.

To establish an ineffective assistance of counsel claim, a defendant must satisfy the two-pronged test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). First, a defendant must demonstrate "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). Second, a defendant must prove he or she suffered prejudice due to counsel's deficient performance. Strickland, 466 U.S. at 687, 691-92. Defendant must show by a "reasonable probability" that the deficient performance affected the outcome. Fritz, 105 N.J. at 58.

A-4799-18T2

The Strickland test applies to challenges to guilty pleas based on alleged ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). A defendant must also show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

We first consider defendant's argument trial counsel was ineffective as a result of failing to pursue the motion to suppress evidence. The filing of meritless motions and "[t]he failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel." State v. Worlock, 117 N.J. 596, 625 (1990) (citing Strickland, 466 U.S. at 688).

The PCR judge concluded such a motion was unlikely to succeed based on the "driving credentials" exception allowing a warrantless search of a vehicle. The "driving credentials" exception authorizes a police officer to conduct a limited search of the areas in a vehicle where registration and insurance information is normally kept in order to verify a vehicle's credentials for public safety purposes. State v. Terry, 232 N.J. 218, 222 (2018). In Terry, the Court "reaffirm[ed its] decision in Keaton[2]–and in previous cases–that, when a driver is unwilling or unable to present proof of ownership, a police officer may

_____

2 State v. Keaton, 222 N.J. 438, 450 (2015).

conduct a limited search for the registration papers in the areas where they are likely kept in the vehicle." Terry, 232 N.J. at 223.[3] The search must be "confined to the glove compartment or other area where a registration might normally be kept . . . ." State v. Jones, 195 N.J. Super 119, 122-23 (App. Div. 1984). In addition to a search of the glove compartment, it is proper to search a car's center console because that "is a relatively non-private area in which documentation 'might normally be kept.'" State v. Hamlett, 449 N.J. Super. 159, 174 (App. Div. 2017) (quoting State v. Patino, 83 N.J. 1, 12 (1980)).

Here, Sergeant Farella stopped the car after hearing a loud muffler and ran a check of the license plate. The results indicated the vehicle had an expired registration and the owner of the car had a suspended license. The sergeant requested defendant's driving credentials as part of the motor vehicle stop. Defendant searched the car for the documentation but was unable to locate the information. After defendant was unable to produce the requested credentials, Sergeant Farella, while searching for the documents, found a suspicious bag in the center console. Based on these facts, the judge properly held Farella had the

---

[3] Here, we note the limitation on a police officer's ability to conduct a warrantless search under the "driving credentials" exception was inapplicable because "defendant was not the registered owner of the car." See Terry, 232 N.J. at 223 (holding "when a police officer can readily determine that the driver . . . is the lawful possessor of the vehicle . . . a warrantless search for proof of ownership will not be justified.").

right to a limited search of the car for driving credentials and a motion to suppress would not have been successful.

Because a motion to suppress evidence was unlikely to succeed, defendant cannot establish a prima facie case of ineffective assistance of counsel based on the failure to pursue such a motion. To the contrary, by withdrawing the motion, trial counsel negotiated a very favorable plea agreement for defendant, resulting in probation rather than a potential prison sentence. Thus, defendant is unable to demonstrate any prejudice as a result of defense counsel's failure to proceed with the suppression motion. We are satisfied the record fully supports the conclusion defendant failed to meet both prongs of the Strickland/Fritz test.

We next consider defendant's claim he was "forced" to plead guilty. Defendant did not submit any certifications or affidavits explaining how he was coerced by counsel into accepting the plea or that he would have elected to proceed to trial. In the absence of supporting certifications or affidavits, it was proper for the judge to review the plea colloquy to resolve the issue. Based on the transcript of the plea hearing, the judge concluded defendant's plea was made freely and voluntarily and he was not threatened or forced into pleading guilty. Moreover, the judge noted defendant signed the plea forms, evidencing his full agreement to the plea. In addition, the judge relied on defendant's testimony that he was voluntarily pleading to the charge because he was guilty. Having

10

reviewed the record, we are satisfied the judge correctly determined defendant was not forced or coerced into accepting the plea and, therefore, cannot establish a prima facie case to support an ineffective assistance of counsel claim.

We also reject defendant's argument the PCR judge erred in denying the petition without an evidentiary hearing. A hearing on a PCR petition is only required when a defendant establishes "a prima facie case in support of [PCR]," the judge determines that there are disputed issues of material fact "that cannot be resolved by reference to the existing record," and the judge "finds that an evidentiary hearing is necessary to resolve the claims for relief." R. 3:22-10(b); see also State v. Porter, 216 N.J. 343, 354 (2013). We are satisfied the judge did not abuse her discretion in denying an evidentiary hearing under these circumstances. State v. Preciose, 129 N.J. 451, 462 (1992) (citing State v. Odom, 113 N.J. Super 186, 273 (App. Div. 1971)) ("Although Rule 3:22-1 does not require evidentiary hearings to be held on post-conviction relief petitions. Rule 3:22-10 recognizes judicial discretion to conduct such hearings.").

To the extent we have not addressed any of defendant's arguments, it is because we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4799-18T2